By the Court.—Tbuax, J.
We held in Mahon v. Mahon, 50 Super. Ct. 92, that an order committing a person for contempt in not paying alimony and counsel fee must contain an adjudication that the party sought to be committed has refused to pay alimony and counsel fee, and that such refusal was calculated to, or did actually defeat, impair or prejudice the rights of the party in whose favor alimony and counsel fee had been ordered. The order now before us on this appeal does not contain such an adjudication. See Matter of Swenarton v. Shupe, 40 Hun, 41 ; Sandford v. Sandford, 40 lb. 540.
Section 1773 of the Code of Civil Procedure, provides, that when the husband, in an action for divorce, fails to pay any money required to be paid by an order, and it appears to the court that payment cannot be enforced by execution, sequestration or resorting to his security, he may be punished for contempt. In the order before us no provision was made for security, nor does it appear that payment of alimony and counsel fee. cannot be enforced by sequestration proceedings, or by execution. It is true that the attorney for the plaintiff states in the affidavit on which the order appealed from was granted, that he believes that “an execution issued aganst the defendant herein could not be satisfied by reason of defendant’s being out of this court’s jurdiction but such statement is not. one on which the court could determine that payment of alimony *337 could not be enforced by execution ; nor does it appear in the order that the court did so determine. For these reasons the order appealed- from is reversed. See Cockefair v. Cockefair, 7 N. Y Supp. 170 ; Sandford v. Sandford, 44 Hun, 563.
Order reversed and motions denied without costs, and with leave to plaintiff to renew on further affidavits.
Freedman and Ingraham, JJ., concurred.